IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Kristeena Scarpino, individually and on behalf of all Others similarly situated. <br>     *Plaintiff(s)*, <br><br> v. <br><br> Imagination Industries, Inc., d/b/a American Dream and Casey Rowe, <br>     *Defendant(s)*. | ) Case No. 8:20-CV-449 <br> ) <br> ) DEFENDANT AMERICAN <br> ) DREAM'S MOTION TO <br> ) DISMISS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMES NOW** Defendant American Dream, by and through its undersigned counsel, Chinedu Igbokwe, and moves this Court to dismiss the Plaintiff's first (FLSA Minimum wage), Second (FLSA Unlawful kickback) and third (Nebraska Wage and Hour Act violation) Claims for Relief in the Complaint (Doc#1) for a variety of reasons pursuant to Fed. R. Civ. P. 12(b).

In the past, courts within the Eighth Circuit Court's jurisdiction have held that exotic dancers are not employees. But criticism with regards to the application of the economics reality test and other statutory and case law changes have revived this issue. For instance, the Eastern District of Arkansas has already previously held that exotic dancers are not employees (unpublished). See Hilborn v. Prime Time Club, Inc., 2012 U.S. Dist. LEXIS 188881, 2012 WL 9187581 (E.D. Ark. July 12, 2012); See also Matson v. 7455, Inc., 2000 U.S. Dist. LEXIS 23013, 2000 WL 1132110 (D. Or. Jan. 14, 2000). Nevertheless, despite the recent developments, Nebraska courts have generally ruled even with applying the economic realities test or ten-factor tests that in the case of single-location businesses

1

involving exotic dancers with only local activities, most such businesses fall out of the purview of the FLSA.

## FACTS

The Complaint alleges three causes of action under two statutes – one Federal and one state, to wit: (i) Plaintiff did not receive minimum wage compensation as an employee because he or she was misclassified as an independent contractor by Defendant in violation of Fair Labor Standards Act's (FLSA)'s applicable minimum wage provisions;(ii) Plaintiff tipped out a portion of gratuities it received from patrons and customers of American Dream to a pool shared by its co-workers which according to Plaintiff constitutes an unlawful kickback in violation of FLSAs kickback provisions; and (iii) Plaintiff did not receive minimum wage compensation as an employee because he or she was misclassified as an independent contractor by Defendant in violation of Nebraska Wage and Hour Act (NWH).

## I.  ARGUMENT

A. <u>The minimum wage FLSA violation against American Dream should be dismissed because Plaintiff has failed to show that either Plaintiffs engaged in commerce within the meaning of FLSA or in the alternative, that American Dream engaged in commerce and that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.</u>

In examining a motion to dismiss under Fed.R.Civ.P.12(b)(6) for failure to state a claim, a court must accept as true all facts alleged in the complaint. <u>Zanders v. Wells Fargo Bank, N.A.</u>, 55 F. Supp. 3d 1163, 1167 (S.D. Iowa 2014). To survive a Rule 12(b)(6) motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 1167 quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Determining whether a complaint states a plausible claim for relief will be context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. quoting Ashcroft, 556 U.S. at 679. Thus, if an element of a claim is missing, or there are insufficient facts supporting an element of the claim, or mere labels or conclusions, then the cause of action is not met and Plaintiff has failed to state a claim for which relief may be granted. Defendant is entitled to a motion to dismiss related to such a deficient or defective claim.

  The Complaint does not identify any activities or actions taken by Plaintiff or its purported or prospective class members that would expose American Dream to individual and/or enterprise coverage within the meaning of the applicable FLSA statute. Because the activities described in the Complaint do not bring American Dream within the meaning of "employer" under the FLSA statute, relieving it of liability, it similarly relieves Casey Rowe of any liability to Plaintiff or its proposed purported class members. Essentially, by failing to state a claim upon which relief can be granted with regards to American Dream, it fails to state a claim upon which relief can be granted against Casey Rowe.

Firstly, the Nebraska Supreme Court has previously ruled that an exotic dancer who performs at a nightclub is not engaging in commerce for the purposes of the Federal Labor Standards Act (FLSA) (or the Nebraska Wage and Payment and Collection Act (NWPCA)) because he or she is not engaged in the production of goods in commerce, is not directly participating in the actual movement of persons or things in interstate commerce either by working for an instrumentality of interstate commerce or regularly using the instrumentalities of interstate commerce in his or her work, is not crossing state lines in connection with employment, handling goods directly moving in the channels of interstate commerce, or directly contributing to the repair or extension of facilities of interstate commerce; and purely local interactions with out-of-state individuals is not an interstate activity. Mays v. Midnite Dreams, Inc., 300 Neb. 485, 501, 915 N.W. 2d 71, 86 (2018).

Similarly, where an employer shows that for the relevant time period, it did not have annual gross volume of sales of $500,000.00 or more (exclusive of excise taxes), then such a Company is not an enterprise engaged in commerce for the purposes of FLSA Act. See Mays v. Midnite Dreams, Inc., 300 Neb. at 485, 505, 915 N.W. 2d at 71, 88. Or if the employer is not engaged in interstate commerce.

Also, because the FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00, then the failure of exotic dancers to show they are engaged in commerce, relieves the employer from FLSA even if the annual gross volume of sales made or business done is not less than $500,000.00. See <u>Zarate v. Jamie Underground</u>, Inc. 629 F. Supp. 2d 1328 (S. D. Fla. 2009) (Granting summary judgment in favor of employer and concluding that employer's activity did not provide enterprise coverage, even though it is undisputed that employer had annual gross sales of not less than $500,000 because employer did local work with materials purchased locally and its activities did not relate to interstate instrumentalities or facilities).

B. <u>The unlawful kickback FLSA violation against American Dream should be dismissed because Plaintiff failed to show that any tips were withheld by American Dream for American Dream or that the so called "fees" or penalties were not placed in the tip-out pool or tip pool for other co-workers and support staff.</u>

In examining a motion to dismiss under Fed.R.Civ.P.12(b)(6) for failure to state a claim, a court must accept as true all facts alleged in the complaint. <u>Zanders v. Wells Fargo Bank, N.A.</u>, 55 F. Supp. 3d 1163, 1167 (S.D. Iowa 2014). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 1167 quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). Determining whether a complaint states a plausible claim for

relief will be context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. quoting Ashcroft, 556 U.S. at 679. Thus, if an element of a claim is missing, or there are insufficient facts supporting an element of the claim, or mere labels or conclusions, then the cause of action is not met and Plaintiff has failed to state a claim for which relief may be granted. Defendant is entitled to a motion to dismiss related to such a deficient or defective claim.

Plaintiff's Complaint with regards to its claim of unlawful kickbacks should be dismissed because it does not show or state that American Dream, "kept tips received by its [purported] employees." Under 29 U.S.C. §§ 203(m)(1) &(2), it states in pertinent part:

> **"(m) (1)** "Wage" paid to any employee includes the reasonable cost, as determined by the Administrator [Secretary], to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: *Provided*, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: *Provided further*, That the Secretary is authorized to determine the fair value of such board, lodging, or other facilities for defined classes of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee.
>
> **(2) (A)** In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

**(i)** the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on the date of the enactment of this paragraph [enacted August 20, 1996]; and

**(ii)** an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 6(a)(1) [29 USCS § 206(a)(1)].

**(B)** An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. §§ 203(m)(1) &(2).

There is a requirement that Plaintiff assert that American Dream kept tips received by actual employees and no such claims are made in the Complaint. Thus, the unlawful kick cause of action should be dismissed with regards to American Dream.

C. **The Plaintiff's Complaint should be dismissed for failure to join necessary parties including but not limited to all of the tip-pool or tip-out beneficiaries or recipients.**

For the purpose of the arguments here we assume or treat the Complaint and all its attendant inferences in the light most favorable to Plaintiff but nothing here should be deemed an admission by any of the Defendants.

A key distinction between the independent contractor and the employee is that in the case of independent contractor, the Company only has a right to control or direct the result of the work. On the other hand, in the case of an employee, the Company has the right to control or direct the means and methods of accomplishing the result.

Here examining the Plaintiff's Complaint, in the case of exotic dancers, the Company does not control how they obtain payment for their services from each individual customer. The Complaint suggests that American Dream sets a minimum price implying that Plaintiffs set prices higher than such minimum. The exotic dancer is allowed to make her money either by (private) lap dances, obtaining paid-for drinks and entertainment from the customer, or her general stage performance. So, the actual method or means of earning compensation is not controlled by the Company. However, one of the results of the exotic dancers' performances which the Complaint suggests expressly or impliedly that the Company controls is the amount or size of the compensation pool that is shared by other collaborating workers including but not limited to the Disc Jockey (DJ), waitresses and waiters, bouncers, bus-boy, cleaners and/or host or hostesses. So, according to the Complaint, American Dream supposedly controls the resulting share or split received by these supporting employees at the end of each night by requiring that the exotic dancers' make a contribution into a pool that is shared by the other workers who assisted in each night.

Without these other workers, the exotic dancers would be unable to have an interruption-free performance and would not be able to provide satisfactory attentive

8

services to their customers. The waiters and waitresses ply the customers with drinks they purchase under the influence of the exotic dancers; the busboy and cleaners, assist in cleaning the stage(s), locker rooms, bar, drinkware, and so forth; the bouncers provide security for the exotic dancers and eliminate unruly, disruptive, or obsessed and harassing customers from disrupting the exotic dancers' performances; and the host and hostesses assist with marketing, capturing and inviting more and more patrons to create a large enough pool for the exotic dancers to find willing and paying customers.

If the goal of this lawsuit is to get an accounting of where money contributed into this pool goes to and to show that these pool funds should be refunded, then all of the other workers including the DJs, hosts, hostesses, busboys, etc., are necessary parties who should be joined in this lawsuit. Here, the Plaintiffs have failed to join their co-workers who are the actual beneficiaries of the contributed pool money for which they argue that they are employees and not independent contractors. The Complaint indicates that American Dream does not take any money out of this pool and it would be unfair and unjust to hold the Company exclusively liable for these funds which went to all of the workers as stated earlier.

   D. **<u>Plaintiffs' Complaint should be dismissed for all claims of unpaid minimum wages involving class of former exotic dancers whose claims are barred by the FLSA statute of limitations for reasons that include but are not limited to (1) exotic dancers who made more than minimum wage; and (2) exotic dancers who have not worked as independent contractors in the last 3 years.</u>**

The statute of limitations on an action under the Fair Labor Standards Act, 29 U.S.C. 207 et seq., for unpaid minimum wages, unpaid overtime compensation or

9

liquidated damages is two years pursuant to 29 U.S.C. § 255(a). The statute of limitations does not pertain to the scope of the action, that is the liability for unpaid wages, but to whether the action may be brought at all. See Arnold v. Arkansas, 910 F. Supp. 1396 (E.D. Ark. 1995). Only upon a finding of willfulness does the statute of limitations expand to three years. Id.

While ordinarily, whether the statute of limitations is two or three years is irrelevant in the case of continuous employment and the purported employees brought their claims within two years of the alleged violation, the same cannot be stated here – most of the exotic dancers were not continuously employed and their employment was sometimes sporadic. See Id. at 1396-97. The Complaint does not allege that either Plaintiff or any of the purported class members were continuously employed at all relevant times and during the relevant time periods from 2018 to 2020.

As an initial matter, the Court recognizes that the FLSA's minimum wage provisions are enforced on a weekly, not hourly, basis. Hensley v. Macmillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986). The FLSA's minimum wage provisions are satisfied as long as a worker's average hourly rate of pay over a workweek exceeds the applicable minimum wage, even if certain "gap" hours are uncompensated. Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1282 (4th Cir. 1996). Claims for straight time (non-overtime) compensation do not lie under the FLSA absent a violation of the minimum wage provisions. Id. Verne v. Queen City Roofing & Contracting Co., No. 6:17-CV-03051-MDH, 2018 U.S. Dist. LEXIS 209428, at *35 (W.D. Mo. Dec. 12, 2018)

Plaintiff's Complaint with regards to its claim of unlawful kickbacks should be dismissed because it does not show or state that Defendant American dream "kept tips received by its [purported] employees"

Thus, for all proposed or purported class members who made more than minimum wage and/or who have not had any business relationship with American Dream in the last three years, such class members' claims are barred by the statute of limitations.

## CONCLUSION

The Court should find that Plaintiff failed to state a claim upon which relief should be granted within the FLSA's minimum wage and unlawful 'kickback' provisions. Thus, American Dream is not liable to Plaintiffs. Plaintiffs failed to join necessary parties under its theory of liability. And for all of the foregoing reasons, American Dream moves the Court to dismiss all of Plaintiff's FLSA violation claims. Upon dismissal of all of the federal claims, the Court should grant leave for American Dream to file a notice of transfer and move this case to State District Court to resolve remaining state law claim.

**DATED** this January 25, 2021

*Respectfully Submitted*:
Imagination Industries, Inc. d/b/a American Dream
Defendant

             By: __Chinedu Igbokwe__
             Chinedu Igbokwe, Esq., NE# 23789
             Banwo & Igbokwe Law Firm, LLC
             3568 Dodge Street, Suite 100
             Omaha, Nebraska 68131

Tel: (402) 345-5759  
Fax: (402) 345-6404  
nedu@bi-law.com  
*Attorney for American Dream.*

## CERTIFICATE OF SERVICE

I, Chinedu Igbokwe, do hereby certify that I served a copy of the foregoing by CM/ECF on the following parties, who are all CM/ECF e-filers:

Harold Lichten  
Olena Savytska  
Lichten and Liss-Riordan P.C.  
729 Boylston Street, Suite 2000  
Boston, MA 02116

                                                            /s/ Chinedu Igbokwe  
                                                          Chinedu Igbokwe, Esq.