IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTEENA SCARPINO, individually and on behalf of similarly situated individuals;<br><br>Plaintiff,<br><br>vs.<br><br>IMAGINATION INDUSTRIES, INC., and CASEY ROWE,<br><br>Defendants. | 8:20CV449<br><br>ORDER |

Defendants filed motions to dismiss Plaintiff's initial complaint on January 25, 2021. (Filing Nos. 11 and 12). Defendant Imagination Industries then filed a motion to strike Plaintiff's complaint on February 1, 2021. (Filing No. 20). Plaintiff filed an amended complaint on February 2, 2021. (Filing No. 21). And Defendant Imagination Industries filed documents which appear to be a motion and accompanying brief in opposition to Plaintiff's motion to certify a conditional collective class. (Filing Nos. 23 and 24).

This order is entered to unravel the motion practice and clarify the court's interpretation of the foregoing filings and applicable deadlines.

Defendant Imagination Industries filed its Rule 12(f) motion to strike after filing its Rule 12(b)(6) motion to dismiss. The Rule 12(f) motion was not timely filed, (see Fed. R. Civ. P. 12 (f)(2)), and the court will not exercise the discretion afforded under Fed. R. Civ. P. 12 (f)(1) to consider striking allegations within Plaintiff's complaint. Moreover, Plaintiff has timely filed an amended complaint as of right, (see Fed. R. Civ. P. 15 (a)) which addresses the incomplete editing and

improper numbering arguments raised in the Rule 12(f) motion to strike. As such, the motion to strike will be denied.

Defendant Imagination Industries' motion and brief filed in opposition to the motion for conditional certification is actually not a separate motion. It is this defendant's argument opposing Plaintiff's motion. So, Plaintiff need not file a response to the Defendant's motion opposing Plaintiff's motion requesting conditional certification. Plaintiff may file a response to Defendant's filings 23 and 24, and that response will be deemed Plaintiff's reply in support of her motion for conditional certification, Filing No. 15.

As to the motions to dismiss and the motion for conditional certification, the court has compared the original and amended complaint. The amended complaint corrects typographical errors, and those corrections are not material to the legal issues raised in the defendants' motions to dismiss and the plaintiff's motion for conditional certification. As such, and consistent with Rule 1 of the Federal Rules of Civil Procedure, the court will not deem the motions to dismiss as rendered moot by the filing of an amended complaint. Instead, the court will deem the arguments raised through the previously filed Rule 12(b)(6) motion practice as applicable to the amended complaint.

Accordingly,

IT IS ORDERED:

1) Defendant Imagination Industries' motion to strike, (Filing No. 20), is denied.

2) To the extent Filing No. 23 requests that the motion for conditional certification be stayed pending a ruling on the motions to dismiss, the motion is denied. The motions to dismiss and motion for conditional certification will be addressed simultaneously. In all other respects, [Filing No. 23](#) is not a motion, and Filings 23 through 25 are interpreted as Defendant Imagination Industries' argument and evidence in response to Plaintiff's motion for conditional certification. The clerk shall correct the docket accordingly.

3) Any reply by plaintiff in support of the motion for conditional certification, ([Filing No. 15](#)), shall be filed on or before February 17, 2021, at which time that motion will be deemed fully submitted.

4) Filing Nos. 11 and 12 were not mooted by the filing of the amended complaint. Filing Nos. 11 and 12 are deemed 12(b)(6) motions challenging the amended complaint, Filing No. 21. Any reply to Plaintiff's opposition to these motions shall be filed on or before February 17, 2021, at which time the motions to dismiss will be deemed fully submitted.

Dated this 10th day of February, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge