IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTEENA SCARPINO, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IMAGINATION INDUSTRIES, INC. and CASEY ROWE,<br><br>Defendants. | 8:20CV449<br><br>ORDER |

This matter is before the Court on plaintiff Kristeena Scarpino's ("Scarpino") Unopposed Motion for Settlement Approval (Filing No. 56). Scarpino filed suit individually and on behalf of other similarly situated individuals to bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage and Hour Act ("NWHS"), Neb. Rev. Stat. § 48-1201 *et seq.*, against defendants Imagination Industries, Inc. ("American Dream") and Casey Rowe ("Rowe" and collectively, "defendants").

On April 6, 2021, the Court conditionally certified this action as a FLSA collective action, consisting of all exotic dancers who worked at American Dream during the last three years and were classified as independent contractors. Notice for class members to opt-in was issued on April 21, 2021, and since that time, seven other individuals filed consent forms to join this case.

Following a full-day settlement conference before the magistrate judge,[1] Scarpino and those who opted-in to the class agreed to settle their claims against the defendants and

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

dismiss this suit. Scarpino now asks this Court to find their agreement is a fair and reasonable resolution of a bona fide dispute and approve the settlement of their FLSA and NWHA claims. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (noting that in a private FLSA action, district courts may approve settlements of bona fide claims "after scrutinizing the settlement for fairness"); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) (assuming without deciding that a "district court has a duty to exercise some level of review" of private FLSA settlement agreements); *but see Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (deciding that "regardless of whether we read [29 U.S.C. § 216] as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

The parties have agreed to settle this suit for a total of $70,000.00. Of the total amount, $23,333.33 will be paid in attorney fees. This amount reflects the one-third contingency fee provided for in Scarpino's retainer agreement. Scarpino will also receive a service award of $5,000.00 for her extensive role in this case. The remainder will be paid out to Scarpino and the seven other opt-in class members based on the number of weeks they worked for defendants between October 26, 2017, through the present.

Having carefully reviewed the settlement agreement, the supporting documents, and the balance of the record in this case, the Court grants Scarpino's Unopposed Motion for Settlement Approval (Filing No. 56). This case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 10th day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge