IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTEENA SCARPINO, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IMAGINATION INDUSTRIES, INC., and CASEY ROWE,<br><br>Defendants. | **8:20CV449**<br><br>**ORDER** |

This matter is before the Court on a Joint Motion for Approval of Amendment to Settlement Agreement (Filing No. 60) filed by plaintiff Kristeena Scarpino ("Scarpino") and defendants Imagination Industries, Inc. d/b/a American Dream ("American Dream") and Casey Rowe ("Rowe" and together, "defendants").

Scarpino filed this lawsuit individually and on behalf of other similarly situated individuals, bringing claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq*. Scarpino and those who opted-in to the class agreed to settle their claims for $70,000 and dismiss the suit (the "settlement agreement"). The Court approved the settlement agreement and dismissed the case on September 9, 2021 (Filing No. 59).

The settlement agreement originally provided that the defendants were to pay $45,000 on or before December 1, 2022. However, the defendants' attorney informed Scarpino's attorney that "American Dream had sustained extensive damage as a result of an auto accident, had necessitated [sic] extensive and costly repairs, and was closed for several months, making it impossible for Defendants to fully meet their payment obligation" in time.

The parties agreed to a revised payment schedule and entered into an amendment to the settlement agreement (the "amendment"). They now seek the Court's approval of the amendment.

The amendment provides that the defendants "are to pay the remaining $45,000 in installments as follows: (1) $10,000.00 paid on December 30, 2022 (this amount has already been paid); (2) Installments of $5,000.00 will be paid every month from May to November 2023." The parties stated that this schedule "will fully satisfy Defendants' obligations under" both the settlement agreement and the amendment "while taking into account the economic impact of the accident and closure."

The amendment is fair and reasonable. To the extent it actually requires the Court's approval, it is approved.[1]

Dated this 7th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] There is a circuit split regarding whether FSLA collective-action settlements require a court's approval. *Compare, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("[T]here is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions."), with *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (determining that parties can settle FLSA claims without Court approval where there is a bona fide dispute as to liability). The Eighth Circuit has "never taken a side on this issue." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).