IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KRISTEENA SCARPINO, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IMAGINATION INDUSTRIES, INC., and CASEY ROWE,<br><br>Defendants. | **8:20CV449**<br><br><br>**MEMORANDUM AND ORDER** |

On October 26, 2020, Plaintiff Kristeena Scarpino ("Scarpino") brought this action (Filing No. 1), individually and on behalf of others similarly situated, against defendants Imagination Industries, Inc., and Casey Rowe (together, the "defendants") alleging they "misclassified [her and other workers] as independent contractors rather than employees, [] failed to pay them minimum wage compensation, and [] required dancers to pay fees and tip-outs" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq.* The Court later conditionally certified Scarpino's federal claim as an FLSA collective action (Filing No. 31) upon accepting the magistrate judge's unobjected-to Findings and Recommendation (Filing No. 30) that her Motion for Conditional Certification (Filing No. 15) be granted. *See* 28 U.S.C. § 636(b)(1)(B) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the certification of a class action).

The parties successfully negotiated Scarpino's FLSA claims and moved the Court to approve their settlement agreement (Filing No. 56) on September 3, 2021. The Court approved that agreement (Filing No. 59) as well as a subsequent amendment (Filing No. 61). Now, over three years after the parties reached their original agreement, Scarpino reports the defendants have fallen behind on their payment obligations.

On January 5, 2024, Scarpino filed a Motion to Enforce Settlement (Filing No. 62), stating the defendants failed to pay their agreed-upon installments in full and on time throughout 2023.  As of that time, the defendants reportedly still owed $13,800 of the original $45,000 settlement.  In light of this breach, Scarpino asked the Court to enforce the parties' amended agreement and "order that Defendants pay the $13,800.00 balance."

The Court held a hearing with the parties to address these issues as well as defense counsel's motions to withdraw (Filing Nos. 64, 65).  With the help of the defendants' new counsel, the parties informed the Court that they had agreed to a second amendment to their settlement agreement (Filing No. 75), which they asked the Court to approve.  The defendants also paid another $1,000 of the outstanding settlement amount.

On April 24, 2024, the Court held another hearing to discuss deficiencies and ambiguities it noticed in the parties' new amendment.  There, the parties agreed to renegotiate and clarify the terms of that agreement.  As requested, the Court denied as moot Scarpino's Motion to Enforce Settlement (Filing No. 77).

The parties have now presented the Court with a renewed Second Amendment to the Settlement Agreement (the "Second Amendment") (Filing No. 79).  That Second Amendment sets a schedule requiring the defendants "to pay off the remaining balance of $12,800" in $1,000 monthly increments.[1]  It also waives the original "interest provisions of the Settlement Agreement" and first amendment and, in their place, provides for liquidated damages of $25 per day for a late payment.  Scarpino's counsel further reports that the opt-in plaintiffs were notified of the Second Amendment and did not object.

The Court is satisfied the Second Amendment is fair and reasonable and approves it to the extent necessary.  *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27

---

[1]The Court has been informed the defendants have already timely paid the first $1,000 payment under the Second Amendment, which was due April 30, 2024.  That leaves an $11,800 balance.

(8th Cir. 2019) (describing the circuit split on whether judicial approval is required of all FLSA settlements and not taking "a side on this issue"). The parties' prior motion seeking approval of their now-supplanted amendment is denied as moot.

IT IS SO ORDERED.

Dated this 9th day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge